O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ALTON DEION MIXON,                    )  Case No.  EDCV 14-00356-DDP (DTB)
                                      )
                Petitioner,           )
                                      )  **ORDER GRANTING MOTION TO DISMISS**
         vs.                          )  **AND DENYING A CERTIFICATE OF**
                                      )  **APPEALABILITY**
NEIL McDOWELL, Acting                 )
Warden,                               )
                Respondent.           )
_____       )

     Presently before the Court is Respondent's Motion to Dismiss.

Having considered the submissions of the parties, the Court adopts

the following Order.[1]

**PROCEEDINGS**

     On February 9, 2014,[2] petitioner filed a Petition for Writ of

Habeas Corpus by a Person in State Custody ("Pet.") herein.  In

_____

     [1]    This Order adopts portions of the Report and
Recommendation of Magistrate Judge David T. Bristow as incorporated
herein.

     [2]    February 9, 2014 is the signature date and thus, the
earliest date on which petitioner could have turned the Petition
over to the prison authorities for mailing.  Rules Governing
Section 2254 Cases in the United States District Courts, Rule 3(d);
see also Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001)
(holding that the prison mailbox rule applies to a habeas
petitioner's state and federal filings).

1   accordance with the Court's Order Requiring Response to Petition,
2   respondent filed a Motion to Dismiss Petition for Writ of Habeas
3   Corpus ("Motion") on March 19, 2014, on the ground that the
4   Petition is untimely.  Petitioner filed his Opposition ("Opp.") to
5   the Motion on April 9, 2014.
6        Thus, this matter is now ready for decision.  For the reasons
7   discussed hereafter, the Court recommends that the Motion be
8   granted and that the Petition be dismissed with prejudice as
9   untimely.
10                      **PROCEDURAL HISTORY**
11        On April 17, 2009, a Riverside County Superior Court jury
12   found petitioner guilty of second degree murder.  (Pet. at 2.)  The
13   jury also found true the allegation that petitioner personally
14   discharged a firearm.  (Clerk's Transcript on Appeal ["CT"] 391-
15   392, 395.)  On June 5, 2009, the trial court sentenced petitioner
16   to 40 years-to-life in state prison.  (CT 430-33.)
17        Petitioner appealed his conviction and sentence to the
18   California Court of Appeal.  (Respondent's Notice of Lodgment
19   ["Lodgment"] Nos. 3-5; California appellate court's website.)[3]  In
20   an unpublished decision issued on January 3, 2011, the court of
21   appeal affirmed the judgment.  (Lodgment No. 6.)  On December 28,
22   2010, petitioner filed a habeas petition in the California Court of
23   Appeal.  (Lodgment No. 7.)  The court of appeal denied this
24   petition without prejudice on February 17, 2011, so that petitioner
25   may re-file the same in the superior court.  (Lodgment No. 8.)
26   Petitioner's ensuing Petition for Review to the California Supreme
27   _____
28        [3]    http://appellatecases.courtinfo.ca.gov.

2

1   Court was summarily denied without comment or citation to authority

2   on March 23, 2011. (Lodgment Nos. 9, 10.)

3        On May 16, 2012, petitioner constructively filed a habeas

4   petition in the Riverside County Superior Court, which was denied

5   on June 22, 2012. (Lodgment Nos. 11, 12.) Subsequently, on March

6   11, 2013, petitioner constructively filed a habeas petition in the

7   California Court of Appeal, Fourth Appellate District, Division

8   Two. (Lodgment Nos. 13, 21.) On March 28, 2013, the habeas

9   petition was transferred to Division One. (Lodgment No. 14.) The

10  court of appeal denied the petition on April 12, 2013. (Lodgment

11  No. 15.) On July 30, 2013, petitioner constructively filed an

12  amended habeas petition in the California Court of Appeal, Fourth

13  Appellate District, Division Two. (Lodgment No. 16.) On August

14  16, 2013, the amended habeas petition was transferred to Division

15  One. (Lodgment No. 17.) On August 30, 2013, the court of appeal

16  denied the petition. (Lodgment No. 18.) Finally, petitioner

17  constructively filed a petition for writ of habeas corpus in the

18  California Supreme Court on September 25, 2013. (Lodgment No. 19.)

19  The California Supreme Court denied the petition without comment or

20  citation to authority on January 21, 2014. (Lodgment No. 20.)

21                            **DISCUSSION**

22       Since the Petition was filed after the President signed into

23  law the Antiterrorism and Effective Death Penalty Act of 1996 (the

24  "AEDPA"), it is subject to the AEDPA's one-year limitation period,

25  as set forth at 28 U.S.C. § 2244(d). See Campbell v. Henry, 614

26  F.3d 1056, 1058 (9th Cir. 2010). 28 U.S.C. § 2244(d) provides:

27

28

1    (1)  A 1-year period of limitation shall apply
to an application for a writ of habeas corpus by
2    a person in custody pursuant to the judgment of
a State court.  The limitation period shall run
3    from the latest of–
     (A)  the date on which the judgment became
4    final by conclusion of direct review or the
     expiration of the time for seeking such
5    review;
     (B)  the date on which the impediment to
6    filing an application created by State
     action in violation of the Constitution or
7    laws of the United States is removed, if
     the applicant was prevented from filing by
8    such State action;
     (C)  the date on which the constitutional
9    right asserted was initially recognized by
     the Supreme Court, if the right has been
10   newly recognized by the Supreme Court and
     made retroactively applicable to cases on
11   collateral review; or
     (D)  the date on which the factual
12   predicate of the claim or claims presented
     could have been discovered through the
13   exercise of due diligence.

14   **I.    <u>Unless a basis for tolling the statute existed, petitioner's</u>**
     **<u>last day to file his federal habeas petition was June 21,</u>**
15   **<u>2012.</u>**

16        The California Supreme Court denied the Petition for Review

17   and affirmed petitioner's conviction on March 23, 2011.  (Lodgment

18   No. 10.)  As such, petitioner's conviction became final 90 days

19   thereafter, on June 21, 2011, when the period in which to petition

20   the United States Supreme Court for a writ of certiorari expired.

21   See <u>Harris v. Carter</u>, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008);

22   <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

23        From the face of the Petition, it does not appear that

24   petitioner has any basis for contending that he is entitled to a

25   later trigger date under § 2244(d)(1)(B).  Nor does it appear that

26   petitioner has a basis for contending that any of his claims is

27   based on a federal constitutional right that was initially

28   recognized by the United States Supreme Court subsequent to the

date his conviction became final and that has been made retroactively applicable to cases on collateral review under § 2244(d)(1)(C).

Nor does it appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(D), since petitioner was aware of the factual predicate of his claims as of the date his judgment of conviction became final. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Since petitioner has made no showing that any of the later trigger dates under 28 U.S.C. § 2244(d)(1) are applicable, the one-year limitation period commenced on June 21, 2011.  Thus, petitioner had until June 21, 2012 to file the instant Petition. See 28 U.S.C. § 2244(d)(1)(A); Clay v. United States, 537 U.S. 522, 527, 528 n.3, 123 S. Ct. 1071, 155 L. Ed. 2d 88 (2003).  Petitioner filed the instant Petition on February 9, 2014, more than one year and seven months after the expiration of the limitation period. Therefore, absent tolling, the Petition is untimely.

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner.  See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  For the reasons discussed hereafter, the Court concludes that petitioner has not met his burden.

1  **II.   Petitioner has not met his burden of demonstrating that statutory tolling rendered the filing of the Petition herein timely.**

2

3     28 U.S.C. § 2244(d)(2) provides:

4        The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

5

6

7  In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), overruled on

8  other grounds by Harris, 515 F.3d at 1053, the Ninth Circuit

9  construed the foregoing statutory tolling provision with reference

10 to California's post-conviction procedures.  The Ninth Circuit held

11 that "the AEDPA statute of limitations is tolled for 'all of the

12 time during which a state prisoner is attempting, through proper

13 use of state court procedures, to exhaust state court remedies with

14 regard to a particular post-conviction application.'"  Id. at 1006

15 (citation omitted).

16     In Carey v. Saffold, the Supreme Court held that, for purposes

17 of statutory tolling, a California petitioner's application for

18 collateral review remains "pending" during the intervals between

19 the time a lower state court denies the petition, and the time the

20 petitioner files a further petition in a higher state court.  536

21 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002).

22 However, such interval or "gap" tolling is unavailable if the

23 petitioner unreasonably delays in seeking higher court review after

24 a lower court petition is denied.  Id. at 225-26; see also Welch v.

25 Carey, 350 F.3d 1079, 1083 (9th Cir. 2003) (en banc) ("The Supreme

26 Court made it very clear in Carey v. Saffold that an unreasonable

27 delay in seeking review in the California Supreme Court from a

28

lower court <u>on</u> <u>the</u> <u>same</u> <u>claim</u> deprives any application from being regarded as 'pending.'") (emphasis in original).

In <u>Evans v. Chavis</u>, 546 U.S. 189, 198, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006), the Supreme Court held that, "[i]n the absence of (1) clear direction or explanation from the California Supreme Court about the meaning of the term 'reasonable time' in the present context, or (2) clear indication that a particular request for appellate review was timely or untimely," a federal habeas court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness," *i.e.*, "whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'"

The Court in <u>Evans</u> observed, as it had in <u>Saffold</u>, that most states provide a short period – between 30 and 60 days – for an appeal to a higher court, a fact it considered in determining whether a delay was "reasonable" for purposes of statutory tolling. 546 U.S. at 201.

In <u>Chaffer v. Prosper</u>, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam), the Ninth Circuit held that, because a petitioner's filing delays of 115 days between the denial of his first Superior Court habeas petition and the filing of his second habeas petition in the California Court of Appeal and 101 days between the denial of his second habeas petition and the filing of his third habeas petition in the California Supreme Court "were substantially longer than the '30 to 60 days' that 'most States' allow for filing petitions," and as the petitions offered no justification for those delays as required under California law, the petitioner was not

entitled to statutory tolling for either of those intervals.
Subsequent to the Supreme Court's holding in <u>Evans</u>, the Ninth
Circuit has found that, while there is no hard and fast rule for
what constitutes unreasonable delay, an upper limit of
approximately sixty days is appropriate, unless an adequate
explanation for additional delay has been provided.  <u>See</u> <u>Velasquez</u>
<u>v. Kirkland</u>, 639 F.3d 964, 967-68 (9th Cir. 2011); <u>Noble v. Adams</u>,
676 F.3d 1180, 1183 (9th Cir. 2012).

Here, as discussed above, petitioner filed five habeas
petitions in state court:

(1) a habeas petition on December 28, 2010 in the California
Court of Appeal, which was denied on February 17, 2011, (Lodgment
Nos. 7, 8);

(2) a habeas petition on May 16, 2012 in the Riverside County
Superior Court, which was denied on June 22, 2012, (Lodgment
Nos.11, 12);

(3) a habeas petition on March 11, 2013 in the California
Court of Appeal, which was denied on April 12, 2013, (Lodgment Nos.
13, 15, 21);

(4) a habeas petition on July 30, 2013 in the California Court
of Appeal, which was denied on August 30, 2013, (Lodgment Nos. 16,
18); and

(5) a habeas petition on September 25, 2013 in the California
Supreme Court, which was denied on January 21, 2014.  (Lodgment
Nos. 19, 20.)

As an initial matter, petitioner's first habeas petition was
filed and denied prior to the commencement of the limitation period
on June 21, 2011, and therefore does not toll the statute of

1   limitation period.  <u>Waldrip v. Hall</u>, 548 F.3d 729, 735 (9th Cir.

2   2008) (per curiam).

3       Respondent concedes that petitioner is entitled to statutory

4   tolling during the time petitioner's second state petition was

5   pending in the Riverside County Superior Court.  (Motion at 4-5.)

6       At the time petitioner filed his second habeas petition in the

7   Riverside County Superior Court on May 16, 2012 , 330 days of his

8   one-year statute of limitation period had elapsed.  Thus, when his

9   second state habeas petition was denied on June 22, 2012,

10  petitioner had 35 days, or until July 27, 2012, to file the instant

11  Petition.  As noted earlier, petitioner did not constructively file

12  the instant Petition until February 9, 2014, more than one year and

13  six months after the deadline.

14      Petitioner argues he is entitled to statutory tolling for the

15  period between the superior court's June 22, 2012, denial of his

16  superior court habeas petition and the constructive filing of his

17  habeas petition in the California Court of Appeal over eight months

18  later on March 11, 2013. Petitioner produced prison mail logs to

19  demonstrate that he did not receive the superior court's June 22,

20  2012, denial until February 22, 2013, after Petitioner asked the

21  superior court about his case's status.

22      But even granting statutory gap tolling for that period,

23  Petitioner is not entitled to statutory gap tolling for the period

24  between the California Court of Appeal's first denial of his

25  petition on April 12, 2013, and Petitioner's filing in the

26  California Supreme Court on September 25, 2013, over five months

27  later. Petitioner's second filing in the California Court of Appeal

28  of an amended petition – his fourth state habeas petition – was not

9

1  a proper appeal and does not toll his statute of limitations time
2  without explanation. <u>See</u> <u>Nino</u>, 183 F.3d at 1006 (applying tolling
3  during "proper use of state court procedures").

4      Petitioner's argument that he did not receive the April 12,
5  2013, court of appeal decision until September 13, 2013, is
6  unavailing. Unlike with the eight month delay between his superior
7  court and first court of appeal filing that was supported by the
8  mail log evidence, Petitioner has no evidence to show that he did
9  not receive the California Court of Appeal's April 12, 2013,
10  decision. Thus, over 150 days passed between the court of appeal
11  decision and the supreme court filing.

12      The California Supreme Court denied petitioner's fifth state
13  petition without comment.  (<u>See</u> Lodgment No. 20.)  Where, as here,
14  a state court denies a habeas petition without a "clear indication"
15  that the petition was timely or untimely, a federal habeas court
16  "must itself examine the delay in each case and determine what the
17  state courts would have held in respect to timeliness." <u>Chavis</u>,
18  546 U.S. at 198; <u>see</u> <u>also</u> <u>Banjo v. Ayers</u>, 614 F.3d 964, 968 (9th
19  Cir. 2010) ("We cannot infer from a decision on the merits, or a
20  decision without explanation, that the California court concluded
21  that the petition was timely.") (citation omitted).

22      The Court concludes that petitioner's fifth state habeas
23  petition was not filed within a reasonable time such that he is
24  entitled to gap tolling for the period between the first court of
25  appeal denial and the filing in the California Supreme Court.  In
26  California, a petition is timely if filed within a "reasonable
27  time" after the petitioner learns of the grounds for relief.
28  <u>Saffold</u>, 536 U.S. at 235 (citations omitted).

Here, petitioner was well aware of the grounds for relief in his fifth habeas petition. Two claims were the exact same as those he had raised in his previous habeas petitions. (<u>Compare</u> Lodgment No. 19 <u>with</u> Lodgment Nos. 21, 11, 16.) Petitioner did add a sentencing argument to his fourth and fifth habeas petitions and an ineffective assistance of counsel claim to his fifth habeas petition. (Lodgment Nos. 16, 19.) Petitioner wrote in his fourth petition that he was adding the sentencing claim because he "just learned of the imposition of an unlawful sentence as a matter of law." (Lodgement 16.) However, the relevant date is when the prisoner "knows . . . the important facts, not when the prisoner recognizes their legal significance." <u>See</u> <u>Hasan</u>, 254 F.3d at 1154 n.3. Regardless, that new claim should have been presented to the California Supreme Court, not a second filing in the California Court of Appeal. Additionally, the facts underlying the ineffective assistance of counsel claim were known to petitioner from his trial and direct appeal, meaning that the grounds for that relief were known and were not a reason to provide over 150 days to file a new habeas petition. <u>Id.</u>

Further, even if the Court did toll the time the second court of appeal petition was pending, Petitioner's second court of appeal filing was on July 30, 2013. This was over 100 days after the April 12, 2013, court of appeal decision. Thus, this was still an unreasonable delay unless there is an adequate explanation, which Petitioner has not provided.

Petitioner's contention that his "grossly inadequate level of education" caused his delay is also not a basis for a finding that the delay was reasonable.  Such vague allegations cannot justify

petitioner's delay of over five months in filing his fifth state petition.  See Flores v. Miller, 2014 WL 808822, at *6 (C.D. Cal. Feb. 25, 2014) (vague allegations insufficient to justify delay of nearly six months); Stephen v. Holland, 2013 WL 3872505, at *4 (E.D. Cal. July 25, 2013) (vague allegations insufficient to justify delay); Turner v. Busby, 2010 WL 4923005, at *1 (C.D. Cal. Nov. 30, 2010) (vague and conclusory explanation for delay insufficient).

Thus, although petitioner is entitled to some statutory tolling, it is insufficient to render his Petition timely.

**III. Petitioner is not entitled to equitable tolling.**

In Holland v. Florida, the Supreme Court squarely held "that the timeliness provision in the federal habeas corpus statute is subject to equitable tolling."  560 U.S. 631, 634, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010); see also Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (as amended) (limitations period may be equitably tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time") (citation omitted).

As set forth by the Supreme Court in Pace, the two requirements for equitable tolling are:  "(1) [T]hat [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  544 U.S. at 418; see also Holland, 560 U.S. at 649 (applying Pace standard). Additionally, "the prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness."  Spitsyn, 345 F.3d at 799 (citation omitted); see also Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).  Claims of equitable tolling are

12

construed narrowly by the courts, and the "threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006) (citation omitted and alteration in original)

Petitioner contends he is entitled to equitable tolling due to: (1) "numerous transfers, prison lockdowns, no access to [his] legal files"; (2) his "lacking knowledge and education of AEDPA"; and (3) his "appellant attorney's negligence informing petitioner about AEDPA limitation dates."  (Opp. at 4.)

First, "[i]n general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances." Corrigan v. Barbery, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005); see also Lindo v. Lefever, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.").  However, denial of access to legal files may, in some cases, constitute an "extraordinary circumstance" beyond a petitioner's control for purposes of justifying the application of equitable tolling to the AEDPA statute of limitations.  See Chaffer, 592 F.3d at 1049; see also Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 923-25 (9th Cir. 2002).  In order to demonstrate that the inability to access his legal files constituted extraordinary circumstances justifying equitable tolling, petitioner must demonstrate a causal link between the

13

delay in filing and the extraordinary circumstance.  See Bryant v.
Arizona Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007).  The
petitioner must additionally show that "'the extraordinary
circumstances were the cause of his untimeliness,'" id. (quoting
Spitsyn, 345 F.3d at 799), and that the "'extraordinary
circumstances ma[de] it impossible to file a petition on time.'"
Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (as amended)
(quoting Calderon v. United States Dist. Court (Beeler), 128 F.3d
1283, 1288 (9th Cir. 1997)).

        However, as previously mentioned, it is petitioner's burden to
establish entitlement to equitable tolling, Miranda, 292 F.3d at
1065, and he fails to show or otherwise explain how his lack of
access to his legal materials made it virtually impossible for him
to timely file a federal habeas petition.  For example, petitioner
does not reference any document in his legal materials that is
crucial to his claims.  See Frye v. Hickman, 273 F.3d 1144, 1146
(9th Cir. 2001) (as amended) (lack of access to library materials
does not automatically qualify as grounds for equitable tolling;
rather, inquiry must be "fact-specific"); Whalem/Hunt v. Early, 233
F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam) (denial of
access to law library materials does not automatically qualify as
grounds for equitable tolling, as inquiry is "highly fact-
dependent").  Accordingly, petitioner fails to show that he lacked
access to his legal materials, or that the lack of access
constituted an "extraordinary circumstance" beyond his control, and
that this extraordinary circumstance caused his untimeliness.  See
Bryant, 499 F.3d at 1061; Spitsyn, 345 F.3d at 799.

Second, courts in this Circuit have held that ignorance of the law does not constitute an extraordinary circumstance sufficient to warrant equitable tolling of the limitations period.  State prisoner habeas petitions are commonly filed on a pro se basis.  To allow equitable tolling based on the fact that most prisoners do not have legal knowledge or training would create a loophole that would negate the intent and effect of the AEDPA limitation period.  Under these circumstances, petitioner's lack of legal knowledge is insufficient to warrant the granting of equitable tolling.  See, e.g., Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling[]"); Chaffer, 592 F.3d at 1049 (prisoner's pro se status, law library missing reporter volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of prison life"); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'") (citation omitted); see also, e.g., Hinton v. Pac. Enterprises, 5 F.3d 391, 396-97 (9th Cir. 1993) (mere ignorance of the law generally is an insufficient basis to equitably toll the running of an applicable statute of limitations).

Third, an attorney's conduct must have been wrongful or sufficiently egregious in order to justify equitable tolling.  See Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005).  But it is well established that negligence is not sufficient to qualify as an extraordinary circumstance justifying equitable tolling.  Majoy v.

1  *Roe*, 296 F.3d 770, 776 n.3 (9th Cir. 2002) (holding petitioner not
2  entitled to equitable tolling, and noting the petitioner's "attempt
3  to place blame on his previous attorney and to assign his reliance
4  on that attorney having made timely filing 'impossible' falls short
5  of the circumstances required to engage this exception"); *Frye*, 273
6  F.3d at 1146 (attorney's "negligence in general do[es] not
7  constitute extraordinary circumstances sufficient to warrant
8  equitable tolling").

9      In the instant action, petitioner only alleges in a conclusory
10 manner that his attorney was "negligen[t]," (Opp. at 4), but he
11 does not assert that counsel's conduct was so *egregious* – beyond
12 negligence – as to rise to the level of an "extraordinary
13 circumstance."  In fact, petitioner provides no showing or evidence
14 that his counsel's conduct "actually prevented [him] from preparing
15 or filing a timely petition."  *Shannon*, 410 F.3d at 1090.

16     Lastly, to the extent petitioner argues that he is entitled to
17 equitable tolling because he was unaware of the superior court's
18 June 22, 2012, order until February of 2013, (Opp. at 2), this is
19 not relevant because the Court is granting statutory gap tolling
20 for that time period.

21     Thus, petitioner has failed to show that he is entitled to
22 equitable tolling of the one-year statute of limitation and,
23 therefore, the instant Petition is untimely.

24 **IV.  Petitioner Is Not Entitled to a Certificate of Appealability**

25     Rule 11 of the Rules Governing Section 2254 Cases in the
26 United States District Courts requires the district court to "issue
27 or deny a certificate of appealability when it enters a final order
28 adverse to the applicant."  "If the court denies a certificate, a

1  party may not appeal the denial but may seek a certificate from the
2  court of appeals under Federal Rule of Appellate Procedure 22. A
3  motion to reconsider a denial does not extend the time to appeal."
4  Id. Federal Rule of Appellate Procedure 4(a) governs the time to
5  appeal an order entered under these rules. A timely notice of
6  appeal must be filed even if the district court issues a
7  certificate of appealability." Id. Under 28 U.S.C. § 2253(c)(2),
8  a Certificate of Appealability ("COA") may issue "only if the
9  applicant has made a substantial showing of the denial of a
10 constitutional right."

11     Here, the Court finds that the Petition was time barred under
12 28 U.S.C. § 2244(d). Thus, the Court's determination of whether a
13 COA should issue in this case is governed by the Supreme Court's
14 decision in Slack v. McDaniel, 529 U.S. 473 (2000), where the
15 Supreme Court held that two showings are required "when the
16 district court denies a habeas petition on procedural grounds
17 without reaching the prisoner's underlying constitutional claim."
18 Id. at 478. In addition to showing that "jurists of reason would
19 find it debatable whether the petition states a valid claim of the
20 denial of a constitutional right," the petitioner must make a
21 showing that "jurists of reason would find it debatable whether the
22 district court was correct in its procedural ruling." Id. at 484.
23 "Each component of the § 2253(c) showing is part of a threshold
24 inquiry, and a court may find that it can dispose of the
25 application in a fair and prompt manner if it proceeds first to
26 resolve the issue whose answer is more apparent from the record and
27 arguments." Id. at 485.

28

1      Here, after duly considering Petitioner's contentions

2   regarding the time bar issue, including in his objections to the

3   Report and Recommendation, the Court finds and concludes that

4   Petitioner has failed to make the requisite showing that "jurists

5   of reason would find it debatable whether the district court was

6   correct in its procedural ruling." Accordingly, a Certificate of

7   Appealability is denied in this case.

8                              **CONCLUSION**

9   For the foregoing reasons, the Court GRANTS respondent's motion to

10  dismiss and DENIES a Certificate of Appealability to Petitioner.

11

12  IT IS SO ORDERED.

13

14

15  Dated: September 15, 2015

16                                  DEAN D. PREGERSON
                                    United States District Judge
17

18

19

20

21

22

23

24

25

26

27

28